[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-14918

Non-Argument Calendar

_____

JAI DEVON LEE,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket Nos. 7:19-cv-00030-HL,
7:15-cr-00006-HL-TQL-1

_____

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Jai Devon Lee, proceeding *pro se*, appeals a district court order denying his 28 U.S.C. § 2255 motion on the ground that his challenge to the statute underlying his conviction was procedurally defaulted. After careful review of the parties' briefs and the record, we affirm.[1]

I

Mr. Lee attempted to sell documents containing over 1,000 social security numbers and other personal information to an undercover agent. A jury convicted him on three counts: (1) identity theft, in violation of 18 U.S.C. § 1028(a)(7); (2) access device fraud, in violation of 18 U.S.C. § 1029(a)(3); and (3) aggravated identity theft, in violation of 18 U.S.C. § 1028A. At sentencing, the district court dismissed the identity theft count on double jeopardy grounds and sentenced Mr. Lee to 101-months' imprisonment on his convictions for the two remaining counts. Mr. Lee appealed his convictions and sentence to this Court, raising a number of claims—none of which are before us now. We rejected all of Mr. Lee's arguments and affirmed his convictions and sentence.

---

[1] We assume the parties' familiarity with the facts and procedural history and set out only what is necessary to explain our decision. As to issues not discussed, we summarily affirm.

In February of 2019, Mr. Lee filed a § 2255 motion to vacate, set aside, or correct his sentence, setting out four separate grounds for relief. As relevant here, Mr. Lee asserted that the term "personal identification number," as used in 18 U.S.C. § 1029(a)(3), is unconstitutionally vague and overbroad. That statute criminalizes the possession with intent to defraud of "fifteen or more devices which are counterfeit or unauthorized access devices." A separate subsection of the statute explains that the term "access device" includes "personal identification number[s]." § 1029(e)(1).

In the district court, Mr. Lee did not dispute that he failed to raise his vagueness claim on direct appeal. Instead, he argued that the term "personal identification number" in § 1029(e)(1) is unconstitutionally vague and overbroad and should not be interpreted to include social security numbers. Because the statute does not explicitly include social security numbers as "access devices," Mr. Lee asserted that social security numbers cannot qualify as an access device under § 1029(e)(1).

The magistrate judge reviewed Mr. Lee's motion and recommended that the district court find that Mr. Lee procedurally defaulted on the vagueness and overbreadth claims by failing to raise it on direct appeal and by failing to show cause and prejudice or a miscarriage of justice. Mr. Lee objected to the magistrate judge's report and recommendation, asserting, among other things, that the miscarriage of justice exception applied to his constitutional claim and as such, it was not procedurally defaulted.

The district court adopted the magistrate judge's recommendations and denied Mr. Lee's § 2255 motion.

Mr. Lee timely appealed and filed a motion for certificate of appealability ("COA") with this Court. We granted a COA on one issue: whether the district court erred in determining that Mr. Lee procedurally defaulted his claim that his statute of conviction was unconstitutionally vague and overbroad by failing to raise it on direct appeal.[2]

## II

We review a determination that a claim is subject to procedural default *de novo*. *See Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021). Whether a criminal statute is unconstitutionally vague is also reviewed *de novo*. *See United States v. Wayersky*, 624 F.3d 1342, 1347 (11th Cir. 2010).

## III

Under the procedural default rule, a defendant must advance an available challenge to a criminal conviction or sentence on direct appeal or else be barred from presenting that claim in a subsequent § 2255 proceeding. *See Mills v. United States*, 36 F.3d

---

[2] Although we liberally construe *pro se* pleadings (including § 2255 motions), *see Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014), we are limited to reviewing only the issues identified in the COA. *See McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). As such, Mr. Lee's argument that his other jurisdictional claims were not procedurally barred is not properly before us.

1052, 1055 (11th Cir. 1994). This rule applies to constitutional claims. *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).

A defendant may avoid procedural default by establishing one of two exceptions: (1) cause for not raising the claim of error on direct appeal and prejudice from the alleged error; or (2) a fundamental miscarriage of justice. *See id.* A fundamental miscarriage of justice exists when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* The fundamental miscarriage of justice exception also applies if the underlying statute of conviction is found to be void. *See Mills*, 36 F.3d at 1056.

As an initial matter, Mr. Lee does not dispute that he failed to bring his vagueness and overbreadth claims on direct appeal. Those claims, therefore, survive only if he meets one of the two exceptions to the procedural default rule. *See Lynn*, 365 F.3d at 1234. Mr. Lee does not assert that the cause and prejudice exception applies to his claims. Accordingly, that argument is abandoned. *See Timon v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (finding issues not briefed on appeal by a *pro se* litigant are deemed abandoned).

Mr. Lee does, however, argue that the miscarriage of justice exception applies to his claims. Essentially, Mr. Lee asserts that he is "actually innocent" of possessing personal identification numbers because the term "personal identification number" as used in § 1029(a)(3) and (e)(1) is unconstitutionally vague and

6                    Opinion of the Court                    19-14918

overbroad. This argument, and his overall claim, fail for two reasons.

First, to meet the actual innocence exception, a defendant must show "factual innocence, not mere legal insufficiency." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). Mr. Lee does not deny that he knowingly possessed the fraudulently obtained social security numbers that underlie his conviction. Because Mr. Lee relies on a theory of purely legal innocence, the actual innocence exception does not apply to his procedurally defaulted claim. *See id.*

Second, even if Mr. Lee could assert that the miscarriage of justice exception applies to his procedurally defaulted claim, his substantive vagueness argument fails because we have repeatedly held that "a social security number qualifies as a 'personal identification number' and thus as an access device under § 1029(e)(1)." *United States v. Wright*, 862 F.3d 1265, 1275 (11th Cir. 2017) (noting that several of this Circuit's unpublished opinions, dating back to 2013, have held that a social security number is an "access device"). *See also United States v. Eckhardt*, 466 F.3d 938, 944 (11th Cir. 2006) (holding that judicial decisions can sufficiently clarify an unclear statute and provide adequate notice that the individual's conduct is criminal).

Mr. Lee's overbreadth challenge likewise fails because § 1029(a)(3) does not clearly prohibit a substantial amount of protected speech. *See United States v. Dean*, 635 F.3d 1200, 1204 (11th Cir. 2011). The statute criminalizes the possession of infor-

19-14918                  Opinion of the Court                    7

mation that can be used to fraudulently access funds—it does not directly implicate the First Amendment, nor does it appear to sweep in any other protected speech. Because Mr. Lee's vagueness and overbreadth challenges fail on the merits, he is unable to show that his claim fits into an exception to the procedural default rule. The district court, therefore, did not err in dismissing his claim.

## IV

Accordingly, we affirm the district court's order denying Mr. Lee's 28 U.S.C. § 2255 motion.

AFFIRMED.